COPY
E-filing
PJH

MARC J. FAGEL (Cal. Bar No. 154425)
CARY S. ROBNETT (Cal. Bar No. 160585)
TRACY L. DAVIS (Cal. Bar No. 184129)
    DavisTL@sec.gov
STEVEN D. BUCHHOLZ (Cal. Bar No. 202638)
    BuchholzS@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: 415-705-2500
Facsimile: 415-705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HONG LIANG LU and MICHAEL J. SOPHIE,<br><br>Defendants. | Case No.<br><br>CONSENT OF DEFENDANT MICHAEL J. SOPHIE TO ENTRY OF FINAL JUDGMENT |

1.    Defendant Michael J. Sophie waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission or in which the Commission is a party, and without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Defendant to pay a civil penalty in the amount of $75,000 under Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or

1  representation has been made by the Commission or any member, officer, employee, agent, or
2  representative of the Commission with regard to any criminal liability that may have arisen or may
3  arise from the facts underlying this action or immunity from any such criminal liability. Defendant
4  waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the
5  imposition of any remedy or civil penalty herein.
6      11.    Defendant understands and agrees to comply with the Commission's policy "not to
7  permit a defendant or respondent to consent to a judgment or order that imposes a sanction while
8  denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance
9  with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any
10 public statement denying, directly or indirectly, any allegation in the complaint or creating the
11 impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent,
12 Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation
13 in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to
14 vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph
15 affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in
16 litigation or other legal proceedings in which the Commission is not a party.
17     12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small
18 Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from
19 the United States, or any agency, or any official of the United States acting in his or her official
20 capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs
21 expended by Defendant to defend against this action. For these purposes, Defendant agrees that
22 Defendant is not the prevailing party in this action since the parties have reached a good faith
23 settlement.
24     13.    In connection with this action and any related judicial or administrative proceeding or
25 investigation commenced by the Commission or to which the Commission is a party, Defendant (i)
26 agrees to appear and be interviewed by Commission staff at such times and places as the staff
27 requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices
28 or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or

trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: __Jan. 28__, 2008      _____
                                                        Michael J. Sophie

Approved as to form:

_____
David Siegel, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Telephone: 310-203-7129
Facsimile: 310-203-7199

Attorney for Defendant MICHAEL J. SOPHIE

1  Submitted by:

2  [signature]

3  _____
   Marc J. Fagel
4  Cary S. Robnett
   Tracy L. Davis
5  Steven D. Buchholz
6  44 Montgomery Street, Suite 2600
   San Francisco, California  94104
7  Telephone: 415-705-2500
   Facsimile: 415-705-2501
8
9  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION

MARC J. FAGEL (Cal. Bar No. 154425)
CARY S. ROBNETT (Cal. Bar No. 160585)
TRACY L. DAVIS (Cal. Bar No. 184129)
  DavisTL@sec.gov
STEVEN D. BUCHHOLZ (Cal. Bar No. 202638)
  BuchholzS@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: 415-705-2500
Facsimile: 415-705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> HONG LIANG LU and MICHAEL J. SOPHIE, <br><br> Defendants. | Case No. <br><br> [PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS HONG LIANG LU AND MICHAEL J. SOPHIE |

The Securities and Exchange Commission having filed a Complaint and Defendants Hong Liang Lu and Michael J. Sophie having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); consented to the exercise by a magistrate judge of civil jurisdiction over this matter; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant Lu shall pay a civil penalty in the amount of $100,000 pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)]. Defendant Lu shall make this payment within ten (10) business

days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop O-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Hong Liang Lu as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Lu shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Sophie shall pay a civil penalty in the amount of $75,000 pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)]. Defendant Sophie shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop O-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Michael J. Sophie as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Sophie shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2008

_____
UNITED STATES DISTRICT JUDGE